UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
REV. ALEXANDRA COE,

          Plaintiff,

-vs-

ALBERTO R. GONZALES, Attorney
General of the United States,

          Defendant.
-----------------------------------------------------X

**07 CIV. 8091**

COMPLAINT

**JURY TRIAL DEMANDED**

*JUDGE ROBINSON*

I. **INTRODUCTION**

    1.    Plaintiff brings this action to enforce her rights under the Age Discrimination in Employment Act in connection with defendant's refusal to hire this qualified individual as a prison chaplain on account of her age.

II    **PARTIES**

    2.    Plaintiff, Rev. Alexandra Coe, is a 53 year-old woman who resides in Washingtonville, New York, within this Judicial district.

    3.    Defendant is the Attorney General of the United States and authorized to interpret and fairly apply Federal law governing public employment at the United States Bureau of Prisons.

III    **JURISDICTION**

    4.    As plaintiff brings this action to enforce the Age Discrimination in Employment Act, 29 U.S.C. § 621, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(3) & (4).

    5.    Plaintiff timely filed her initial charge of discrimination on April 4, 2007,

alleging that she was denied employment as a Prison Chaplain on account of her age. On August 3, 2007, plaintiff received defendant's final decision rejecting her discrimination claim. She timely brings this action within 90 calendar days of her receipt of the final decision.

## IV     FACTUAL AVERMENTS

6. Plaintiff became an ordained minister in July 1991. From June 1991 through May 1995, she was Pastor at Community Church of the Circle in Mount Vernon, New York. From June 1995 through December 2000, she was Pastor at Blooming Grove United Church of Christ, located in Orange County, New York.

7. On July 19, 2006, plaintiff submitted an application for Prison Chaplain with the United States Bureau of Prisons. The application stated that plaintiff was born on June 7, 1954.

8. On December 20, 2006, Joseph Pryor, Chaplain – Administration Program Manager at the Federal Bureau of Prisons, advised plaintiff in writing that she was denied the position because she did not meet the requirements under 5 U.S.C. § 3307 and Public Law 100-238. Under these laws, Pryor wrote, "Chaplaincy positions in the BOP are considered federal law enforcement positions" and that "[o]ne of the requirements specifically denotes that an initial appointment must occur for Department of Justice law enforcement position by one's 37th birthday."

9. Defendant's interpretation of the Federal law governing the maximum age

      for Bureau of Prisons employees irrationally defines chaplains as "federal law enforcement" positions.

10.    The irrationality of the age requirement is highlighted by defendant's determination to grant an "exemption for candidates of some faith traditions because a documented shortage of qualified candidates exists who meet the maximum age entry provision," according to Pryor's letter.

11.    On January 11, 2007, plaintiff timely brought an informal charge of discrimination with the Bureau of Prisons alleging that she was denied the chaplain position because of her age. After that charge was not resolved to plaintiff's satisfaction, on April 17, 2007, she filed a formal charge of discrimination with the Bureau of Prisons.

12.    By letter which plaintiff received on August 3, 2007, the Bureau of Prisons issued a final decision rejecting her claim. In the letter, Virginia D. Frost-Tucker, Director of the Equal Employment Opportunity Staff, re-affirmed the policy that prison chaplains are classified as law enforcement positions.

13.    As a result of the age discrimination visited upon plaintiff, she has been denied back wages and future lost income. She has also suffered physical and emotional pain and suffering.

**V    CAUSE OF ACTION**

14.    Plaintiff incorporates the allegations in ¶¶ 1-13 as if fully re-stated herein.

15.    Defendant's policy prohibiting the hiring of prison chaplains over the age

of 37 violates the Age Discrimination in Employment Act.

16. In denying plaintiff the position of prison chaplain on account of her age, defendant violated the Age Discrimination in Employment Act.

WHEREFORE, plaintiff prays that this Honorable Court:

1. Accept jurisdiction over this action;

2. Empanel a jury to fairly hear and decide this action;

3. Award to plaintiff compensatory damages for pain and suffering, back pay and front pay;

4. Award to plaintiff punitive damages for the wanton violation of her civil rights in violation of the Age Discrimination in Employment Act;

5. Enjoin defendant from enforcing its policy of defining prison chaplains as law enforcement officers for purposes of applying the maximum hiring age;

6. Award plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

7. Order any such other relief deemed just and proper.

Dated: September 12, 2007

Respectfully submitted,

STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff